**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| |
|---|
| **JOSHUA OSHAUGHNESSY and MELISSA MURILLO, on behalf of themselves and all others similarly situated,** |
| **Plaintiffs,** |
| **-against-** |
| **GREGORYS COFFEE MANAGEMENT LLC,** |
| **Defendant.** |

**No. 1:21-cv-04350-MKB-RER**

## JOINT DISCOVERY PLANNING REPORT AND [PROPOSED] SCHEDULING ORDER

This Joint Discovery Planning Report and Proposed Scheduling Order is adopted, after consultation with counsel, pursuant to Fed R. Civ. P. 16 and 26(f):

1.      **Nature and basis of claims and defenses:**

**Plaintiffs' Position:** This is a potential class action on behalf of current and former Gregorys' hourly employees alleging that Defendant violates the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law"), the New York Labor Law ("NYLL") wage statement requirement, and requires off-the-clock work in violation of the Fair Labor Standards Act ("FLSA") and the NYLL.

New York City's Fair Workweek Law went into effect in November 2017, requiring fast food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment.   Plaintiffs allege that Defendant has violated the Fair Workweek Law by failing to: (1) provide all employees with a good faith estimate of the hours, dates, times, and locations of employees' expected regular work schedule; (2) provide predictable schedules with at least 14-days' notice (Defendant changed employees' schedules at the last minute and required employees to work closing and opening

shifts without at least 11 hours off in between); and (3) provide the legally required information regarding new shifts to current employees before hiring new employees.  See N.Y.C. Admin. Code §§ 20-1221-22; 20-1231; 20-1241.  Additionally, Plaintiffs allege that Defendant fails to include the employer address, phone number, and Fair Workweek Law premiums on hourly employees' paystubs in violation of the NYLL and also fails to pay for all hours worked in violation of the FLSA and NYLL.

**Defendant's Position:** Defendant denies Plaintiffs' allegations.  Defendant was not subject to the New York City's Fair Workweek Law because it did not own or operate thirty (30) or more fast food establishments at all material times.  This is largely in part due to the COVID-19 pandemic.  Defendant also issued paystubs in accordance with the NYLL, and to the extent required information was inadvertently omitted, the payment of wages due under the FLSA and NYLL serves as an affirmative defense. Defendant will also demonstrate that it provided good faith estimates and predictable schedules, as well as information regarding new shifts.  Finally, Plaintiffs will be unable to show a common policy or practice to support a collective or class certification.

2.      **Possibilities for promptly settling or resolving the case**: The parties have exchanged data and legal positions, attended two private mediations with experienced wage and hour mediator, Stephen Sonnenberg, but have been unable to settle the case.  Settlement discussions are ongoing.

3.      The Rule 26(a)(1) provisions on initial disclosures have been waived in this case and all Parties have served the initial discovery ordered by the Court on September 13, 2021.

4.      **Issues about preserving discoverable information**: The parties have agreed to preserve ESI that is relevant to Plaintiffs' claims.  The parties are negotiating an ESI protocol

that they will submit to the Court in the form of a proposed order.

     5.     **Discovery Plan:**

        a.     All discovery, other than expert discovery, shall be completed on or before September 6, 2022.

        b.     To the extent the Parties conduct expert discovery in this matter, The parties shall make required Rule 26(a)(2) disclosures with respect to expert witnesses on or before September 13, 2022, with expert reports to be served no later than September 20, 2022,  and rebuttal expert witnesses on or before October 20, 2022.  Expert depositions shall be completed by November 17, 2022.

        c.     Discovery shall be completed on November 23, 2022 to the extent the Parties conduct expert discovery in this matter, otherwise it shall close on September 6, 2022.

     6.     **Motions:**

        a.     Pre-motion letters regarding proposed dispositive, class certification, and collective certification motions must be submitted within four (4) weeks following the close of all discovery and responses are due one week later.

     7.     The parties do not consent to a trial before a magistrate judge pursuant to 28

U.S.C. § 636(c).

This scheduling order may be altered or amended upon showing of good cause not

foreseeable at the date hereof.

                         Entered:

_____

Consented to by:


*/s/ Michael M. Tresnowski*                                                       */s/ George C. Morrison (*with consent*)*

Sally J. Abrahamson                                           George C. Morrison
sabrahamson@flsalaw.com                                  **White and Williams LLP**
**Werman Salas P.C.**                                       Times Square Tower
335 18th Pl NE                                              7 Times Square, Suite 2900
Washington, D.C. 20002                                 New York, NY 10036
Phone No.: (202) 830-2016                             Phone No.: (646) 847-5776
Fax No.: (312) 419-1025                                 Fax No.: (212) 244-6200
                                                  morrisong@whiteandwilliams.com
Michael M. Tresnowski*
mtresnowski@flsalaw.com
**Werman Salas P.C.**                                      *Attorney for Defendant*
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025

*Attorneys for Plaintiffs and the Putative*
*Collective and Class*
* Admitted *pro hac vice*