IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSHUA OSHAUGHNESSY and MELISSA MURILLO**, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>-against-<br><br>**GREGORYS COFFEE MANAGEMENT LLC,**<br><br>**Defendant.** | No. 1:21-cv-4350-RER |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT**

On February 16, 2023, the Court held a telephonic Final Approval Hearing and heard Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement Agreement. The Court has read and considered the Unopposed Motion for Final Approval of the Class Action Settlement Agreement and other related material submitted by Plaintiffs, has heard the Parties' presentation at the Final Approval Hearing, and is otherwise fully informed in the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  Unless otherwise defined herein, all terms in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of this action and over all Parties to this action, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Settlement Class Members, certified—under Fed. R. Civ. P. 23 and the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code (the "Fair Workweek Law")—by Order dated November 2, 2022 (ECF No. 28) and defined in the Settlement Agreement as:

1

> [The] approximately 200 hourly employees including the Named Plaintiffs, who worked at one or more of Defendant's stores located at 42 Broadway (Store GC-7), 100 Wall Street (Store GC-8), and 16 Court Street (Store GC-17) during the time period of August 3, 2019 through March 31, 2022.

3. Pursuant to Fed. R. Civ. P. 23 and the Fair Workweek Law, the Court confirms as final its certification of the class, for settlement purposes only, based upon its findings in the Preliminary Approval Order and in the absence of any objections from Settlement Class Members to the certification.

4. Pursuant to Fed. R. Civ. P. 23, the Court confirms as final the appointment of Werman Salas P.C. as Class Counsel and Joshua Oshaughnessy and Melissa Murillo as Class Representatives.

5. The Court confirms as final the appointment of class action settlement administration firm Analytics Consulting, LLC as the Settlement Administrator.

6. The Court finds that the Settlement Notice given to Class Members, pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 and due process.

7. Pursuant to Fed. R. Civ. P. 23(e), the Court grants the Motion for Final Approval of the Class Action Settlement Agreement, approving the Settlement Agreement and the settlement terms set forth therein as being procedurally and substantively fair, reasonable, and adequate, and not a product of collusion.

8. The Court finds that the Settlement is procedurally fair because it was reached through vigorous, "arm's-length negotiations between experienced, capable counsel after meaningful discovery." *McReynolds v. Richards-Cantave,* 588 F.3d 790, 803 (2d Cir. 2009).

9. The Court, additionally, finds the Settlement is substantively fair and reasonable when examined through the analytical framework of Rule 23(e)(2)(C) and the factors from *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

10. The Court finds that Settlement Class Members' reaction to the Settlement was positive. No Class Member objected to, or requested to be excluded from, the Settlement.

11. The Court finds that discovery advanced far enough for the Parties to responsibly resolve the case. The Parties engaged in a thorough investigation of the claims at issue prior to the mediation, and based upon compensation and time data Defendant provided to Class Counsel, Class Counsel was able to build a comprehensive damages model.

12. The Court finds that the proposed plan of distribution is rationally related to the claims asserted. The settlement payments will be made pursuant to the formula described at § 3.d.i of the Settlement Agreement, which awards each Settlement Class Member an amount determined on a *pro rata* basis, based upon the number of weeks in the Class Period the Settlement Class Member worked. *Id.*, § 3.d.i. That distribution has a reasonable and rational basis in the damages each Settlement Class Member could pursue individually for Defendant's scheduling practices that Plaintiffs assert failed to comply with the Fair Workweek Law.

13. Having reviewed the appropriate case law and Class Counsel's submission; having conducted a cross-check with Class Counsel's lodestar calculation; and there being no objections from Defendant or any Settlement Class Member, the Court approves Class Counsel's application for attorneys' fees in the amount of $66,666.67.

14. Having reviewed Class Counsel's request for reimbursement of out-of-pocket costs, finding that such costs were reasonably incurred, and with no objection by Defendant or any

Settlement Class Member, Class Counsel's request for costs in the amount of $10,545.69, apportioned from the Gross Settlement Fund, is granted.

15. The Court approves and finds reasonable the provision of a Service Award of $3,000 to each Named Plaintiff—Joshua Oshaughnessy and Melissa Murillo. Such awards are reasonable in light of (1) the risks Named Plaintiffs incurred; (2) the effort Named Plaintiffs expended in the case and value they added to it; and (3) the ultimate recovery. The Service Awards are also consideration for the enhanced releases signed by Named Plaintiffs. *See* ECF No. 26-2, §§ 3.c.; 5.b.

16. The Court approves and finds reasonable the payment of the Settlement Administrator's fees, which Defendant will pay separate from the Gross Settlement Amount.

17. The Parties are directed to perform the obligations set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement (ECF No. 26-2).

18. Pursuant to Section 4(f) of the Settlement Agreement, Defendant is ordered to fund the Gross Settlement Account with $100,000 within seven days after the Court enters the Final Approval Order, $50,000 within 60 days of Court approval, and $50,000 within 60 days of the second payment. ECF No. 26-2 § 4(f).

19. Within 14 days after the Defendant has fully funded the Gross Settlement Amount in the Settlement Account, the Settlement Administrator shall make payments from the Settlement Account, as detailed in Section 4(g)(i) of the Settlement Agreement.

20. Within 14 days after the expiration of the Check Cashing Deadline, the Settlement Administrator will provide to Defendant's Counsel and Plaintiffs' Counsel: (A) scanned copies of the negotiated Settlement Checks, and (B) a list, in Excel format, of the names of all

Settlement Class Members who negotiated their Settlement Checks including the amount of the Settlement Class Member's Settlement Check.

21. Any Settlement Checks that remain uncashed after the Check Cashing Deadline shall be deemed void and, within 28 days after the Check Cashing Deadline, the Settlement Administrator will return the funds from any such Settlement Checks to Defendant.

22. This Action is dismissed without prejudice. The dismissal will convert to dismissal with prejudice after Defendant has fully funded the Settlement Account, has paid the settlement administration expenses to the Settlement Administrator, and has made all payments referenced in the Parties' Individual Settlement Agreement.

23. The Court retains jurisdiction over the Action for the purpose of administering and enforcing the Settlement Agreement and overseeing the distribution of the Gross Settlement Amount.

DATED: 2/16/2023

_____
The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge